IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> vs. <br><br> **CHRISTINA SODA** | Criminal No: 2:23-cr-01031-BHH <br><br> <u>**SENTENCING MEMORANDUM**</u> |

On May 1, 2024, the Defendant Christina Soda ("Soda") pled guilty to Count 2 of a six-count Indictment. The United States submits this memorandum in advance of Soda's sentencing. The United States Probation Office ("USPO"), in its Presentence Report ("PSR"), determined that the total offense level for Soda is 18, which results in a guideline range of 27 to 33 months. Soda has no objections to the PSR.[1] As will be discussed in more detail below, the Government believes that an evaluation of the 18 U.S.C. § 3553(a) factors support a sentence within the advisory guideline range of 27 to 33 months.

I.     BACKGROUND.

In December 2023, Soda was charged in a six-count Indictment. ECF No. 2. Soda ultimately pled guilty in May 2024 to one count of wire fraud. The facts giving rise to the Indictment pertain to Soda's scheme, that lasted for nearly seven years, to steal money from her employer through the use of the employer's corporate American Express account. Through the course of the scheme, Soda would charge personal expenses to her employer's American Express credit card and then falsify general ledgers for the company to make these personal expenses look like legitimate business expenses. Soda took advantage of her employer and through the course

---

[1] The Government would note that in the addendum to the PSR Soda raised one clarification, but this has no bearing on the Guidelines.

of the scheme made in excess of 3,500 purchases amounting to approximately $966,000.00 of personal expenses[2] to her employer's American Express account.

## II. THE GOVERNMENT BELIEVES THAT AN EVALULATION OF THE STANDARDS SET FORTH IN 18 U.S.C. § 3553(a) WARRANTS A SENTENCE IN THE ADVISTORY GUIDELINE RANGE.

The sentencing statute, 18 U.S.C. § 3553(a), requires the Court to impose a sentence that is "sufficient, but not greater than necessary," to comply with the purposes of sentencing.[3] In order to determine the "particular" sentence to impose, the Court must consider the familiar statutory factors listed in §3553(a)(1)-(7). Two of the statutory factors that the Court must consider are (1) the advisory guidelines range set by the Sentencing Commission and (2) the Commission's policy statements are factors to be considered. *See* §3553(a)(4) and (a)(5). Further, the Advisory sentencing guidelines "should be the starting point and the initial benchmark" in determining the appropriate sentence. *See Gall v. United States*, 522 U.S. 38 (2007). Here, as explained below, an examination of the § 3553(a) factors support a sentence that involves incarceration for Soda and would not be greater than necessary.

### A. Nature of Offense and History and Characteristics of Defendant – §3553(a)(1).

---

[2] By way of example, and as set forth in the PSR, examples of Soda's personal expenses are amazon charges, hotel and vacation expenses, and furniture and flooring for her home. *See* PSR ¶ 27.

[3] Those purposes are the need for the sentence "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." § 3553(a)(2)(A)-(D).

*Nature of the Offense*

The offense that Soda has pled guilty to is a serious offense. Further, it was a scheme that occurred over a period of years and deprived a small, locally owned, company of in excess of $950,000. As the Court has read through a submitted victim impact statement, and will hear at sentencing, Soda's actions "destroyed" a 75 year-old family business that had 30 families depending on it. Further, this was not a one-time occurrence, Soda systematically and regularly charged personal expenses to her employer and then created fake ledgers to make the expenses look like legitimate company expenses. *See* PSR ¶ 29. This was a serious, and long-lasting, fraud offense, and it weighs in favor of a period of incarceration for Soda.

*History and Characteristics of the Defendant*

As the PSR points out, Soda does not have a criminal history, and she has been awarded the two-level reduction for zero-point offender to account for this. Notwithstanding Soda's lack of criminal history, her actions in this case support a sentence that involves a period of incarceration.

    **B.**    **Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense, Afford Adequate Deterrence to Criminal Conduct, and Need for the Sentence Imposed to Protect the Public from Further Crimes of the Defendant – §3553(a)(2)(A)-(C).**

Economic crimes and white-collar offenses must be met with sentences commensurate with the seriousness of the crimes themselves. Any sentence less than a significant period of incarceration would promote a lack of respect for the law. Concern that "white-collar offenders … frequently do not receive sentences that reflect the seriousness of their offenses" was among the motivations for the Sentencing Reform Act that gave rise to the United States Sentencing Guidelines. S. Rep. No. 98-225 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3260. Among the

principal architects of the guidelines was Justice Stephen Breyer, an original member of the Sentencing Commission. He explained that the Guidelines required a "short but definite period of confinement" for all but "the least serious cases of these white-collar offenses (level '6' or less)[.]" Stephen Breyer, The Federal Sentencing Guidelines and the Key Compromises Upon Which They Rest, 17 Hofstra L. Rev. 1, 22 (1988). Not only did the applicable Guidelines reflect the severity of white-collar offenses, but it also resolved "significant disparities" observed in data gathered by the Commission on how white-collar crimes were treated at sentencing relative to equally-serious non-white-collar offenses in the pre-guideline era. *Id*. at 20.

Moreover, a sentence of incarceration addresses the deterrence factor, which is so critical in corruption and fraud cases. Fraud is "'more rational, cool, and calculated than sudden crimes of passion or opportunity,' these crimes are 'prime candidate[s] for general deterrence.'" *United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006) (quoting White–Collar Plea Bargaining and Sentencing After Booker, 47 Wm. & Mary L.Rev. 721, 724 (2005)). "Defendants in white collar crimes often calculate the financial gain and risk of loss, and white-collar crime therefore can be affected and reduced with serious punishment." *Id*.

The fraud committed by Soda should be punished by a period of incarceration. Soda funded her personal life by committing fraud on her employer, and a period of incarceration is necessary to promote respect for the law and deter future conduct. A period of incarceration for Soda will serve as a deterrent for future fraud.

    C.    **The need to Provide Restitution – §3553(a)(7).**

One of the factors that the Court must consider in fashioning a sentencing is the need to provide restitution for the victims of the offense. As set forth in the PSR in paragraph 65, Soda owes $966,368.98 in restitution in this case. Unfortunately, it is highly unlikely that the victim will ever be made whole for Soda's fraud.

**III.     CONCLUSION.**

For the reasons stated in this memorandum, the Government believes the probation officer has correctly calculated the guidelines and believes that after § 3553(a) are examined, a sentence within the advisory guideline range is sufficient but not greater than necessary to comply with the relevant sentencing factors.

RESPECTFULLY SUBMITTED,

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

BY:  s/ *Amy Bower*
     Amy F. Bower (Fed. Id. 11784)
     Assistant U.S. Attorney
     151 Meeting Street, Suite 200
     Charleston, South Carolina 29401
     (843) 727-4381
     Amy.Bower@usdoj.gov

Charleston, South Carolina
August 15, 2024