**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| UNITED STATE OF AMERICA<br><br>      Plaintiff,<br><br>vs.<br><br>CHRISTINA SODA,<br><br>      Defendant | Case No. 2:23-CR-1031-BHH<br><br>**MOTION FOR A<br>DOWNWARD VARIANCE** |

   Christina Soda, by and through her undersigned attorney, pursuant to 18 U.S.C. 3553(a) and 3661, presents the following arguments and relevant information for this Court to consider in determining the appropriate punishment to impose at sentencing. The overriding principle and basic mandate of section 3553(a) requires the District Courts impose a sentence "sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in section 3553(a)(2): retribution, deterrence, incapacitation, and rehabilitation. Christana respectfully asks this Court to sentence her on the basis of all relevant and accurate information to a reasonable sentence, as defined under section 3553(a).

   A downward variance is appropriate and a sentence below the guidelines is reasonable considering the 3553(a) factors. The defendant, Christina Soda (hereinafter "Christina") committed a series of fraudulent transactions related to her role comptroller of Wholesale Industrial in North Charleston, SC. These actions are not in conformity with her personality in caring for others and putting others first in all aspects of life and she feels deep remorse for her actions. For the reasons outlined herein, as attachments, a downward variance is required to fulfill the sentencing goals of § 3553(a).

<u>The Range of Imprisonment Under the Guidelines Does Not Achieve the Goals of Sentencing under 18 U.S.C. § 3553(a)(2)</u>

The recommended guideline range of twenty-seven to thirty-three months imprisonment is greater than necessary to achieve the goals of sentencing under 18 U.S.C. § 3553(a)(2). This Court has a duty to accurately calculate and consider the Guidelines and must also consider the factors identified in § 3553(a) when arriving at a reasonable sentence that is no greater than necessary.

*In United States v. Booker*, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory guideline system created by the Sentencing Reform Act of 1984 (SRA) was unconstitutional. The appropriate remedial measure required the severance and excision of two provisions of the federal sentencing statute, including 18 U.S.C. § 3553(b)(1), the provision that made the Guidelines mandatory. *See Booker*, 125 S. Ct. at 757 (2005). As a consequence, the federal sentencing statute still "requires a sentencing court to consider Guidelines ranges,.. ..., but it permits the court to tailor the sentence in light of other statutory concerns as well." Id. Treating the Guidelines as advisory requires that the Court consider the guideline range calculation as merely one of the factors in determining a sentence no greater than necessary to achieve the goals of sentencing set forth in Section 3553(a)(2).

Section 3553(a) is comprised of two distinct parts: the "sentencing mandate" contained in the prefatory clause of Section 3553(a) and the "factors" to be considered in fulfilling that mandate. The overriding principle and basic mandate of § 3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary," to comply with the purposes of sentencing set forth in Section 3553(a)(2). *Id*. The sufficient-but-not-greater-than-necessary requirement is often referred to as the "parsimony provision." The parsimony provision is not just another "factor" to be considered along with the others set forth in Section 3553(a). *See, Hicks v. United States*, 137 S. Ct. 2000, 2001 (2017). This provision sets an independent limit on the sentence a court may

2

impose. *See, Gall v. United States,* 128 S.Ct. 586, 597 n.6 (2007); *Kimbrough v. United States*, 128 S.Ct. 558, 570 (2007); *United States v. Denardi*, 892 F.2d 269, 276-77 (3rd Cir. 1989); *United States v. Ferguson*, 456 F.3d 660, 667 (6th Cir. 2006) (the provision serves as "the guidepost for sentencing decisions post-Booker."). Since § 3553(a) requires a sentence to be no greater than necessary to meet four purposes of sentencing, imposition of any sentence greater than necessary to meet those purposes is error, even if within guideline range. *Id*.

In determining the sentence minimally sufficient to comply with Section 3553(a)(2) purposes of sentencing, the court must consider several factors listed in Section 3553(a). Neither the statute itself nor Booker suggests that any one of these factors is to be given greater weight than any other factor. However, it is important to remember that all factors are subservient to Section 3553(a)'s mandate to impose a sentence not greater than necessary to comply with the four purposes of sentencing.

The 11th Circuit has agreed that the Guidelines must be considered, and that other factors under § 3553(a) must be used to determine the appropriate sentence. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005); *United States v. Stratton*, 519 F.3d 1305 (11th Cir. 2008). However, in determining whether a sentence is "reasonable" under Booker, a sentencing court should defer to § 3553(a) and consider all relevant factors in determining the type of sentence that satisfies the sentencing mandate. Id. Furthermore, the record must demonstrate that this Court gave meaningful consideration to the § 3553(a) factors. *See, Gall*, *supra*. After *Booker*, when sentencing a defendant, a district court must consider all sentencing factors enumerated in 18 U.S.C. § 3553(a). Those factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

3

(2) the need for the sentence imposed –

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §3553(a).

<u>Applying the enumerated factors of §3553 to Christina and her crime, a downward variance is appropriate for several of the factors.</u>

The preamble of 3553: (a)Factors To Be Considered in Imposing a Sentence. —The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the sentence to be imposed, shall consider—

(1) <u>Guideline Issues (Life and Background of Christina Soda)</u>

Christina was born in 1969 in Summit, New Jersey. Her parents, Alejandro and Marta Soda migrated to the United States from Argentina. Alejandro was an Analytical Chemist and Marta was a teacher. After three years in New Jersey, Alejandro's job brought him to Charleston, South Carolina. Christina has one sibling, a sister named Andrea Patterson. Her parents emphasized religion and education through an early age to both Christina and her sister. Christina attended Blessed Sacrament Catholic School in West Ashley starting in the first grade through the eighth

4

grade. Christina attended Bishop England High School and excelled as a student there eventually earning the Julie Hamilton Memorial scholarship to the College of Charleston. She did not attend college, and she entered the work force and lived on her own at an early age.

Christina lived on her own starting at the age of eighteen. She found work quickly and eventually would work up to three jobs a day to earn a living. She would ride her bicycle to work and eventually saved up enough money to buy a car. She began to have several relationships with men who would later become mentally and physically abusive to her. These men would use alcohol and drugs to excess and there were several instances where law enforcement had to get involved due to aggressive nature of these men. Christina would eventually move away from these abusive relationships, and she would later became involved with a co-worker named Harold who she would have a relationship with for over thirty-two years.

Christina and Harold had one child named Chris. Chris was the highlight of Christina's life and being a mother was the most important job she held. Christina had a tough pregnancy with Chris but was delivered successfully via a cesarean section at the Medical University of South Carolina in Charleston, South Carolina. At a young age Chris had routine bloodwork that resulted in alarmingly high levels of lead. This was later discovered to be an issue with the water in the apartment where they lived and the lead pipes that were used to transport the water to their home. Chris's lead levels in his blood would eventually even out and fall into a "safe" range. It was later determined that the lead levels in his blood still had a neurological effect on Chris. Throughout his childhood, Chris had ups and downs with his health and his attitude in school. He would have issues with school from a young age all the way through high school. It was later found out that Chris would experiment with alcohol and drugs at a young age and this issue would follow him through most of his young adult life as well. These issues would involve multiple run ins with the

law as well as a near death experience that threated to take Chris's life at a young age. In October of 2023, Chris entered the Faith Home Rehab Center and has now graduated from this program. He is clean and sober and works on his own for a living.

Christina began working at Whole Industrial Electronics in 1995. She would stay employed there for over twenty-seven years. She worked her way up in the business and started in accounts receivable. She would advance to accounts payable, become an accounting supervisor, and eventually controller. It was a small family-owned business, and the company would treat Christina like family. She was given a lot of responsibility over the years and Christina was proud to work for this company. She took pride in her work and enjoyed being a part of the team. She is extremely remorseful for her actions against Whole Industrial Electronics and suffers daily from her guilt.

      a. Christina Soda's Health Concerns

Christina has struggled with her health for quite some time now. She lives in her home in Moncks Corner, South Carolina with Harold and her sister Andrea. She is basically the sole provider for both Harold and Andrea when it comes to paying the mortgage and bills for their home. In her mid-40's she began to feel symptoms of extreme fatigue, low moods, skin issues, hair falling out, digestive issues, and joint/muscle pain. It was eventually diagnosed as hypothyroidism, and she began treatment through medication. After close to a years' time, the symptoms started to get better, and Christina began to feel relief. It was also at this time that Christina began to get treatment for depression and talked to a therapist. She was dealing with a lot of issues that happened in her childhood that did not come to the surface until she spoke to the therapist. Following *United States v. Meyers* F.3d 676 (8th Circuit 2007), a Defendant's sentence

was outside the prescribed guideline range and was found to be appropriate when the most effective sentence was treatment and supervised release.

### b. Christina Soda's Pre-Trial Supervision

Christina was fortunate to be allowed to remain on bond since her arraignment hearing at the onset of this case. She has cooperated fully with her probation officer. There has not been a time where she has not complied with probation, the terms of her bond, or direction from her attorney's office. She has been available every single time I have needed to speak with her about her case, her mitigation, and her health. We have spent significant time together in defense of this charge and she has been fully cooperative. We respectfully ask the Court to consider how successful she was while on bond and the measures she took to show the Court how serious she was about handling these charges in an appropriate manner.

### c. Christina Soda's Lack of Criminal History

Christina does not have a single conviction on her criminal history. In looking at *United States v. Collington* 461 F.3d 805 (2006), a sentencing Court was given much greater latitude to sentence outside the guideline range in examining a Defendant's criminal history. We respectfully ask the Court to consider Christina's lack of criminal history when it comes to a variance outside of the guideline range.

<u>Conclusion</u>

The statutory provisions that must be examined to go below the allotted Guideline provisions come to us from 18 U.S.C 3553(a)(2) which state that a punishment for a particular

crime should 1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, 2) provide adequate deterrence of criminal conduct, 3) protect the public from further crimes, and 4) provide Christina with treatment/punishment in the most effective manner. Section 18 U.S.C. 3553(a) also states the following criteria must also be examined in determining a proper punishment for a defendant: 1) the nature and circumstances of the event and the history of Christina, 2) the sentences that are available for Christina, 3) need to avoid unwarranted sentence disparities between defendants with similar charges, and 4) the need to provide restitution for the particular crime. Christina has worked hard to set aside money for restitution that we will discuss at sentencing. The Court should also take into consideration the fact that imprisonment may not be the most appropriate way to rehabilitate and punish Christina for this offense, that Christina's age and place in life show that she is likely very low for recidivism on future criminal activity. 18 U.S.C. 3582(a), 18 U.S.C. 3661, and U.S.S.G. 5H1.

Since the ruling in Booker allows the Court to look at the Guideline provisions with the same weight as the 18 U.S.C. 3553(a) criteria, it is not necessary to strictly follow the sentencing format of the Guideline provisions. The Guideline provisions appear to be advisory when tailoring an appropriate sentence for Christina. It has also been stated in United States v. Denardi 892 F.2d 269 (3rd Circuit 1989), that if the provisions of 3553(a) directly conflict with the Guideline provisions, that the sentencing factors of 3553(a) should trump the Guideline provisions when determining an appropriate sentence. All of these factors are 3553(a) factors that should be considered in allowing Christina to depart from the Guideline provisions.

In looking at the sentencing range provided by the Sentencing Commission and as mentioned before, the PSI indicates the guidelines provide for a sentencing range for Christina of twenty-seven to thirty-three months. She also wishes for the Court to look at the guideline

provisions as advisory and use the sentencing characteristics from 3553(a) to apply a variance to the guidelines and allow her sentencing possibilities to vary from the mandatory minimum twenty-seven months. Christina has lived and raised her family here in South Carolina. She understands the severity of the charge to which she has pled and she wishes to accept punishment, move on, and not do anything further to harm the people of or disrespect the integrity of the rules that apply here in South Carolina.

As discussed herein, regardless of the advisory guideline calculations, several mitigating factors exist that this Court should consider in determining sentence for Christina that is sufficient but not greater than necessary to achieve the goals of sentencing under 18 U.S.C. 3553(a). As always, there is also an additional factor of saving a significant amount of money for the Federal Government by allowing Christina to vary from her guidelines and serve minimal time incarcerated in prison. In closing, Christina respectfully requests the Court to consider a downward variance from the guideline provisions by closely examining the mitigating factors listed above from 3553(a).

                                              Respectfully submitted,

                                              *s/ Peter M. McCoy, Jr.*
                                              Peter M. McCoy, Jr.
                                              Fed ID: 9896
                                              MCCOY LAW GROUP, LLC
                                              15 Prioleau Street
                                              Charleston, SC 29401
                                              Phone: 843-459-8835
                                              peter@mccoylawgrp.com

                                              ***ATTORNEY FOR DEFENDANT***
                                              *Christina Soda*

August 16, 2024